SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
NEW YORK NETWORK MANAGEMENT LLC,

                                Plaintiff(s),

            -against-

KEVIN KELLY and
AUCIELLO LAW GROUP, PC,

                              Defendant(s).
-----------------------------------------------------------------X

Index No

Date Filed:

**SUMMONS**

Plaintiff designates Kings County as place of trial.
The basis of the venue is: Plaintiff's place of business.

**TO THE ABOVE-NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Great Neck, New York
               December 13, 2016

                                                Yours, etc.,

                                                Agulnick & Gogel, LLC
                                                *Attorneys for Plaintiff*
                                                8 Bond Street - Suite 303
                                                Great Neck, New York 11021
                                                516-466-6300

To:

Kevin Kelly
612 Central Avenue
Plainfield, New Jersey 07060

                                                By: _____
                                                      WILLIAM A. GOGEL

Auciello Law Group, PC
26 Court Street – Suite 1104
Brooklyn, New York 11242

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
NEW YORK NETWORK MANAGEMENT LLC.,

                                    Index #

                     Plaintiff,        **VERIFIED COMPLAINT**

    -against-

KEVIN KELLY and
AUCIELLO LAW GROUP, PC

                   Defendants.
----------------------------------------------------------------X

       The Plaintiff, New York Network Management LLC., by its attorneys AGULNICK & GOGEL, LLC, as and for its Verified Complaint against the Defendants, Kevin Kelly and Auciello Law Group, PC, alleges as follows:

### THE PARTIES

**FIRST:** The Plaintiff, New York Network Management LLC is a Limited Liability Company organized on October 29, 1996 under the laws of the State of New York and it maintains its place of business at 9201 Fourth Avenue, Brooklyn, New York 11209.

**SECOND:** At all relevant times, Elizabeth Kelly was the Managing Member and Chief Executive Officer of New York Network Management LLC.

**THIRD:** The Defendant, Kevin Kelly is an individual residing at 912 Central Avenue, Plainfield, New Jersey 07060 and at all times relevant to this complaint, he had a three (3%) percent, non-voting ownership interest in New York Network Management LLC. He is the son of Elizabeth Kelly.

**FOURTH:** The Defendant, Auciello Law Group, PC is a Professional Corporation organized on February 1, 2006 under the laws of the State of New York, and maintains its principal place of business at 26 Court Street, Brooklyn, New York 11242.

1

**FIFTH:** Upon information and belief, at all times relevant to this Complaint, Anthony J. Auciello was an Attorney and a Principal and the Chief Executive Officer of the Defendant Auciello Law Group PC.

**SIXTH:** At all relevant times, the Defendant Auciello Law Group, PC was engaged in the legal profession which included providing legal guidance to its clients.

**SEVENTH:** At all relevant times, the Defendant, Auciello law Group PC and its Principal, Anthony J. Auciello acted as Attorneys at Law on behalf of the Defendant, Kevin Kelly.

## FACTUAL BACKGROUND

**EIGHTH:** The Plaintiff, New York Network Management, LLC, is a Medical Service Organization which owns and operates numerous Independent Practice Associations (I.P.A.) in conjunction with insurers, including but not limited to Fidelis.

**NINTH:** The Plaintiff's business is highly competitive, and involves confidential information, including a proprietary roster of Board Certified physicians, allied health care professionals and insurers that participate in Plaintiff's Independent Practice Associations.

**TENTH:** That on or about 2009, by gift from Elizabeth Kelly, the Defendant, Kevin Kelly acquired one and one half (1.5%) percent interest in the Plaintiff, New York Network Management, LLC.

**ELEVENTH:** That on January 1, 2010, by virtue of an Amended and Restated Operating Agreement, the Defendant, Kevin Kelly acquired by gift from Elizabeth Kelly an additional one and one half (1.5%) percent interest in the Plaintiff, New

York Network Management, LLC, bringing his total ownership interest to three (3%) percent. See Agreement – Exhibit "1"

**TWELFTH:** The terms and conditions of said Amended and Restated Operating Agreement provided among other things that

    a. "the authority to establish day to day business policy and direction of the LLC shall be vested on the managing member (The "Managing Member"). Elizabeth Kelly was designated as The Managing Member. See Article 5.1

    b. Elizabeth Kelly, as the Managing Member was granted the sole and absolute authority to manage New York Network Managing, LLC. See Exhibit "1" Article 5.2

    c. No member of New York Network Management LLC, other than Elizabeth Kelly shall have the authority to engage in any act in contravention of the Operating Agreement. See Article 5.4

    d. **Kevin Kelly acknowledged and agreed that he "shall not have any vote in all matters with respect to the** LLC other then as specifically set forth in section 5.2 above and in such case, each of Cliona, Michael, Kevin (Kelly) and Edel **agrees to vote as directed by (Elizabeth) Kelly" See Exhibit "1" Article 5.6**

    e. The LLC shall have the authority to redeem a member's interest at a purchase price agreed to the departing member's capital account. See Exhibit "1" Article 6.3

**THIRTEENTH:** The Defendant Kevin Kelly's capital account had a negative balance.

**FOURTEENTH:** That on or about mid-2016, the Plaintiff, New York Network Management LLC entered into a Letter Agreement with Constellation Healthcare

3

Technologies, Inc., hereafter sometimes referred to as "Constellation", wherein Constellation would acquire New York Network Management LLC and all of its subsidiaries for a substantial sum of money.

**FIFTHTEENTH:** That the closing was contemplated to occur by the end of 2016, after Constellation completed its due diligence and definitive document review.

**SIXTEENTH:** That on or about October 2016, the Defendant Kevin Kelly was offered the opportunity to surrender his three (3%) percent interest in New York Network Management LLC in return for a tax-free gift from Elizabeth Kelly in the sum of two hundred fifty thousand ($250,000.00) dollars in the event that New York Network Management LLC should sell substantially all of its stock and assets. Kevin Kelly declined said offer.

**SEVENTEENTH:** That pursuant to the terms and conditions of the Amended and Restated Operating Agreement dated January 1, 2010, Kevin Kelly's three (3%) percent interest was redeemed. As his capital account had a minus balance, he was issued a check in the sum of ten ($10.00) dollars.

**EIGHTEENTH:** That over the past several years, the Defendant Kevin Kelly acted in a rude, offensive and threatening manner to Elizabeth Kelly and to various New York Network Managing LLC employees, including its accountant, David Macklin.

**NINETEENTH:** That by virtue of his rude, offensive manner and threats, by letter dated October 26, 2016, the Defendant Kevin Kelly was advised that his relationship with New York Network Management LLC was terminated (by the redemption of his interest) and that he was prohibited from entering the premises of New York Network Management. LLC. He and was specifically advised in said writing as follows:

4

    a. Not to use or disseminate any confidential or proprietary information of New York Network Management. LLC.

    b. **"you are admonished not to contact, communicate in any manner with any client or entity that has had business with New York Network Management. LLC** and you are prohibited from any access to New York Network Management. LLC computers, emails, text messages and other forms of communication."

    c. "You are to cease and desist from stalking, harassing or annoying Elizabeth Kelly and any other employee of New York Network Management. LLC"

**TWENTIETH:** In a malicious and intentional attempt to interfere with New York Network Management. LLC's business relations with Constellation Healthcare Technologies, Inc., Defendant Kevin Kelly and Defendant Auciello Law Group PC, by Anthony J. Auciello, wrote a letter to Constellation Healthcare Technologies Inc, addressed to its President, Paul Parmar and an employee, Arvin Walia, dated December 6, 2016 which states as follows:

> "Please be advised that we have been retained by Kevin Kelly a member of New York Network Management LLC.
> 
> It is our understanding that you have entered into a contract for the purchase of the New York Network Management. LLC, however our client did not consent to such sale. Further our client will be commencing a law suit seeking, inter alia, an accounting, failure to pay his K-1 distributions, failure to pay wages and overtime, and for misrepresentation of income on tax returns.

5

> We are advising you as a courtesy since we have learned that you are buying New York Network Management."

See Letter – Exhibit "2"

**TWENTY-FIRST:** Said letter, sent with the specific intent and purpose to interfere with the business relationship of Plaintiff, New York Network Management. LLC with Constellation Healthcare Technologies, Inc, contained intentional misstatements:

a) Kevin Kelly's consent to the sale to Constellation was not required as Elizabeth Kelly had full authority pursuant to the terms and conditions of the Amended and Restricted Operating Agreement to enter into a sale agreement and/or to require Kevin Kelly to vote on all matters as directed by Elizabeth Kelly. See Exhibit "1" Article 5.6

b) Kevin Kelly received annual K-1 forms and distributions

c) Kevin Kelly's income tax returns were accurate and he gave his accountant authority to file them.

d) Kevin Kelly was not entitled to overtime as he was an owner of New York Network Management. LLC, not an employee

e) Kevin Kelly received substantial compensation as a member of New York Network Management. LLC

f) Kevin Kelly no longer had an interest in New York Network Management, LLC

**TWENTY-SECOND:** By e-mail, the Defendant Kevin Kelly has threatened to contact Dave Thomas of Fidelis, a major insurance company business relation of New York Network Management. LLC to **"involve every person/so I can get**

even with you. You can be sure that if things do not go my way they will not be good for you."

**TWENTY-THIRD:** Any misrepresentation to or contact with Fidelis by Defendant Kevin Kelly may jeopardize Millions of dollars of New York Network Management. LLC'S revenue which will interfere with New York Network Management. LLC business relations and proposed sale transaction with Constellation Healthcare Technologies.

**TWENTY-FOURTH:** The Defendant, Auciello Law Group LLC knowingly interfered with the business relationship between New York Network Management. LLC and Constellation Healthcare Technologies Inc by agreeing to write and send a letter to Constellation without examining and/or inquiring about the terms and conditions after the aforementioned Amended and Restated Operating Agreement; by not inquiring whether the consent of Kevin Kelly to any sale to Constellation was required; by stating that Kevin Kelly was not paid wages and overtime, when the Auciello Law Group PC had knowledge that Defendant Kevin Kelly was an owner and not an employee of New York Network Management. LLC; by not reviewing each and every tax return of Kevin Kelly and examining any back-up material for said tax returns, and for failure to investigate or inquire in any manner whether the Defendant Kevin Kelly received his K-1 distributions, and failed to determine who paid Kevin Kelly's taxes.

**TWENTY-FIFTH:** That the Defendant, Auciello Law Group PC and Defendant Kevin Kelly have tortiously interfered with the business relationships of Plaintiff New York Network Management. LLC and have placed in jeopardy a substantial sum of money it anticipated receiving from its sale Constellation Health Care Technologies, Inc. Defendant Kevin Kelly has threatened to interfere

7

with Plaintiff New York Network Management, LLC's business relationships with Fidelis Insurance Company.

### FIRST CAUSE OF ACTION AGAINST BOTH DEFENDANTS (Tortious – Interference with Business Relations)

**TWENTY-SIXTH:** The Plaintiff incorporates all preceding paragraphs of this complaint as is fully set forth herein.

**TWENTY-SEVENTH:** On December 6, 2016 when the Defendants Kevin Kelly and Auciello Law Group, PC, wrote a letter to Constellation Healthcare Technologies, Inc., the Plaintiff, New York Network Management, LLC had a business relationship with Constellation Healthcare Technologies, Inc.

**TWENTY-EIGHTH:** That on December 6, 2016 the Defendants Kevin Kelly and Auciello Law Group, PC knew of the business relationship between the Plaintiff, New York Network Management, LLC and Constellation Healthcare Technologies, Inc and said Defendants knowingly and intentionally interfered with this business relationship by virtue of their aforementioned letter which was sent to Constellation Healthcare Technologies Inc, its President Paul Parma and its employee Arvin Walla:

**TWENTY-NINTH:** The Defendant Kevin Kelly and Defendant Auciello Law Group PC wrote said letter and made the allegations contained therein knowing they were false, knowing that the facts alleged therein were not properly researched and they maliciously and in bad faith wrote said letter with intent to "get even" with Elizabeth Kelly and with the specific intent to harm the Plaintiff, New York Network Management, LLC and its Principal, Elizabeth Kelly.

8

**THIRTIETH:** The Defendants knew that by writing to Constellation Healthcare Technologies Inc, its President and an employee that it could harm the Plaintiff, New York Network Management, LLC, and could impair the sale to Constellation Health Industries Inc and deter Constellation from completing its purchase of New York Network Management, LLC.

**THIRTY-FIRST:** That in writing said letter to Constellation, the Defendants acted in bad faith, solely out of malice and by wrongful means that amounted to an independent tort.

**THIRTY-SECOND:** That the Defendant's interference, as aforementioned, caused injury to the Plaintiff, New York Network Management, LLC's relationship with a Third-Party to wit: Constellation Healthcare Technologies, Inc.

**THIRTY-THIRD:** Among other damages, Defendant Kevin Kelly's and Auciello Law Group PC's tortious interference may subject the Plaintiff to a loss of the substantial proceeds of its sale to Constellation, which but for their conduct would not have incurred.

**THIRTY-FOURTH:** Plaintiff has been damaged in an amount to be determined by the trier of fact; said amount being in excess of the jurisdictional limits of all inferior courts.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT KEVIN KELLY
### (Tortious – Interference with Business Relations)

**THIRTY-FIFTH:** The Plaintiff incorporates all preceding paragraphs of the complaint as is fully set forth herein.

**THIRTY-SIXTH:** That in an e-mail to Elizabeth Kelly, the Defendant, Kevin Kelly threatened to contact Fidelis Insurance "to involve every person/so I can

9

get even with you. You can be sure that if things do not go my way they will not be good for you"

**THIRTY-SEVENTH:** The Defendant Kevin Kelly knew that by contacting Dave Thomas and Fidelis Insurance with untruths that he could impair the Plaintiff's working relationship with Fidelis, thereby jeopardizing millions of dollars of revenue from Fidelis, and jeopardize Plaintiff's working relationship with its roster of Board Certified Physicians, and allied health care professionals.

**THIRTY-EIGHTH:** The Defendant, Kevin Kelly knew of Plaintiff's relationship with Fidelis Insurance and has threatened to interfere with said relationship and other payers.

**THIRTY-NINTH:** The Defendant, Kevin Kelly acted in bad faith, out of malice that amounted to an independent tort.

**FORTIETH:** That the Defendant's interference as aforementioned, caused or will cause injury to the Plaintiffs relationship with a Third-Party, to wit; Fidelis Insurance.

**FORTY-FIRST:** Among other damages, Defendant Kevin Kelly "tortious – interference may subject the Plaintiff to a loss of millions of dollars of revenue and damage claims from its Board-Certified Physicians and other allied health care professionals in a specific amount to be determined at the trial of this matter.

**FORTY-SECOND:** Plaintiff has been damaged in an amount to be determined by the trier of fact, said amount being in excess of the jurisdictional limits of all inferior courts.

### THIRD CAUSE OF ACTION
### AGAINST BOTH DEFENDANTS
(Defamation)

10

11 of 16

**FORTY-THIRD:**     The Plaintiff incorporates all preceding paragraphs of the Complaint as if fully set forth herein.

**FORTHY-FOURTH:**    That in the letter dated December 6, 2016, to Constellation Healthcare Technologies, Inc, the Defendants made the following false and defamation allegations and statements:

   a) "It is our understanding that you have entered into a contract for the purchase of New York Network Management LLC, however our client did not consent to such sale". Said statement was false and defamatory as the consent of Kevin Kelly was not necessary as the terms and provisions of the Amended and Restated Operating Agreement provided that "Kevin Kelly acknowledges and agrees to vote as directed by Elizabeth Kelly".
   b) That Plaintiff failed "to pay wages and overtime". As an owner of Plaintiff, New York Network Management LLC Kevin Kelly was not entitled to "overtime" pay and was not a wage-earning employee.
   c) That Plaintiff failed "to pay K-1 distributions". The Defendant received annual K-1 reports and all monies reflected therein were paid to him.
   d) That Plaintiff had "misrepresentations of income on tax returns". The Defendant reported his income on the tax returns which were filed by him by an accountant of his choice.

**FORTY-FIFTH:**     That the letter dated December 6, 2016 written by the Defendant Auciello Law Group, PC by and on behalf of Defendant, Kevin Kelly, published defamatory statements to an identified third person, to wit Constellation Healthcare Technologies.

11

**FORTY-SIXTH:** That as a result of the statement contained in said letters, the Plaintiff's reputation suffered injury.

**FORTY-SEVENTH:** That statements concerning merchants that question their honesty in business, and their business integrity constitutes defamation per se.

**FORTY-EIGHTH:** That as a result of said defamation, the Plaintiff suffered damages in an amount to be determined by the trier of fact, said amount being in excess of the jurisdictional limits of all inferior courts.

### FOURTH CAUSE OF ACTION
### AS TO BOTH DEFENDANTS
### (Injunctive Relief)

**FORTY-NINTH:** The Plaintiff incorporates all preceding paragraphs of the Complaint as if fully set forth herein.

**FIFTIETH:** By virtue of the forgoing, the Plaintiff, New York Network Management, LLC is entitled to a preliminary and permanent injunction against Defendant, Kevin Kelly and Defendant, Auciello Law Group PC, enjoining and restraining both Defendants, on behalf of themselves, and any third party or agent acting on their behalf or from either directly or indirectly, using any confidential information and/or proprietary information including, but not limited to contract negotiations, documents and materials provided to Constellation Healthcare Technologies, Inc; and (b) from contacting and/or communicating in any manner with any person or entity which has been a client, account, or business relation of the Plaintiff, including but not limited to Fidelis Insurance and Constellation Healthcare Technologies, Inc.

**WHEREFORE**, the Plaintiff demands judgment in an amount in an amount in excess of the jurisdictional limits of all lower courts which would

12

otherwise have jurisdiction as to First and Third causes of action against Defendants Kevin Kelly and Auciello Law Group, PC and as to Defendant Kevin Kelly with respect to the Second Cause of Action; as to the Fourth Cause of Action, a preliminary and permanent injunction against Defendants Kevin Kelly and Auciello Law Group, PC; plus the costs, interest, and disbursements of this action, together with such other and further relief as this Court deems just and proper under the circumstances.

Dated: Great Neck, New York
December 13, 2016

Yours, etc.

AGULNICK & GOGEL, LLC

By: _____
William A. Gogel
*Attorneys for Plaintiff*
8 Bond Street – Suite 303
Great Neck, New York 11021
(516) 466-6300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
NEW YORK NETWORK MANAGEMENT LLC.,

                   Plaintiff,

                                             **VERIFICATION**

  -against-

KEVIN KELLY and
AUCIELLO LAW GROUP, PC

                 Defendant.
-------------------------------------------------------------X
STATE OF NEW YORK        }
                                  }s.s.:
COUNTY OF KINGS          }

        Elizabeth Kelly, being duly sworn, deposes and says:

        Deponent is the Managing Member and Chief Executive Officer, the Plaintiff in the within action. Deponent has read the foregoing Complaint and it is true to Deponent's own knowledge, except as to the matters alleged on information and belief, and as to those matters, Deponent believes it to be true.

        This verification is made because Plaintiff, New York Network Management LLC., is a Limited Liability Company and Deponent is a member thereof.

                                                              _____
                                                              ELIZABETH KELLY

Sworn to before me on
this | 5 day of December, 2016

_____
Notary Public

                                  MATTHEW KAUGET
                       Notary Public, State of New York
                               No. 02KA6256915
                       Qualified in Nassau County
                  Commission Expires March 06, 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.

NEW YORK NETWORK MANAGEMENT LLC.,

Plaintiff,

-against-

KEVIN KELLY and
AUCIELLO LAW GROUP, PC;

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

AGULNICK & GOGEL, LLC
*Attorneys for Plaintiff*
8 Bond Street - Suite 303
Great Neck, NY 11021
(516) 466-6300
Fax (516) 466-6344

Attorney signature pursuant to Sec.130-
1.1-a of the Rules of the Chief
Administrator (22 NYCRR)

_____
WILLIAM A. GOGEL

Service of a copy of the within is hereby admitted.

TO:

Dated: _____

Attorney(s) for