Andrew Muchmore, Esq.
MUCHMORE & ASSOCIATES PLLC
217 Havemeyer Street, 4th Floor
(917) 932-0299
amuchmore@muchmorelaw.com
*Counsel for Creditors Kevin Kelly and Edel Kelly*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLGIES, INC. | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | Case No. 18-71789 (AST) |
| Debtors. | (Joint Administration) |

-----------------------------------------------------------------------x

In re:

Case No.: 18-74545-ast
New York Network Management, L.L.C.          Chapter 11
dba NYNM,

                               Debtor.
-----------------------------------------------------------------------x
Kevin Kelly and Edel Kelly,
                             Plaintiffs,

    -against-          Adv. Pro. No.: 18-08118-ast

New York Network Management, L.L.C., and
Elizabeth Kelly,
                             Defendants.
-----------------------------------------------------------------------x

## MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

Plaintiffs Kevin Kelly ("Kevin") and Edel Kelly ("Edel")(collectively, "Plaintiffs"), by and through their undersigned counsel, Muchmore & Associates PLLC, submit this memorandum in opposition to the motion of Defendant Elizabeth Kelly ("Elizabeth") to remand this adversary proceeding to the Supreme Court of New York, Kings County.

## PRELIMINARY STATEMENT

The instant motion is part of a established pattern of conduct by Defendants Elizabeth Kelly and New York Network Management, L.L.C. ("NYNM") to delay and compound the costs of litigation in lieu of asserting any viable substantive defenses. Plaintiffs were each 3% owners of NYNM and Elizabeth was NYNM's 88% owner and Management Member at the time she received an offer from Constellation Healthcare Technologies, Inc. ("Constellation") to purchase all of NYNM's membership interest for approximately $32 million ("the Sale"). Immediately after Elizabeth received this offer, she demanded that all four minority members relinquish their shares for one quarter of their value. Two of the four minority members acceded to this demand, and the other two are the Plaintiffs herein.

After the Plaintiffs commenced the underlying action in the Supreme Court of New York, Kings County, the Court authorized the Sale to proceed on the condition that 10% of the Sale proceeds be held in escrow for the benefit of the Plaintiffs. Elizabeth and NYNM completed the Sale without complying with this requirement. As a result, Elizabeth and NYNM were held in contempt. Rather than purge the contempt, NYNM filed its voluntary petition herein. As set forth in NYNM's voluntary petition, its assets greatly exceed any creditor claims, excluding only a purported pledge of its assets as collateral to guarantee a loan made by Bank of America, N.A. ("B of A") to Constellation to fund the Sale. Since the only substantial claims against NYNM's estate are those of the Plaintiffs, Elizabeth, B of A, and Constellation arising from the Sale, this Court must retain jurisdiction to efficiently resolve NYNM's bankruptcy estate and distribute any remaining assets to the Initial Debtors.

## **PLAINTIFF'S CLAIMS ARE INEXTRICABLY LINKED WITH NYNM'S BANKRUPTCY**

NYNM commenced this bankruptcy proceeding after being held in contempt by the state court in effort to avoid compliance with contempt order. The only significant claims against NYNM's bankruptcy estate are the claims of the Plaintiffs', Elizabeth, B of A, and the Initial Debtors.

These claims are inextricably interlinked. Plaintiffs claims against Elizabeth and NYNM arise from the same nucleus of operative facts. Elizabeth was acting by and through NYNM, in her capacity as its Managing Member, at the time she demanded the Plaintiffs relinquish their shares for a fraction of their value. In addition to their share of the proceeds of the Sale, the Plaintiffs are owed unpaid profit distributions for the six years preceding the Sale. The Plaintiffs claims against NYNM and Elizabeth under the Operating Agreement are co-extensive, as are their claims for breach of the Order authorizing the Sale. Requiring the Plaintiffs to litigate these claims against NYNM and Elizabeth in two separate forums would compound the cost of litigation and could result in inconsistent determinations.

The claims of Elizabeth against NYNM, and of NYNM against Elizabeth, are also closely bound up in the circumstances surround the Sale and Elizabeth's breaches of her fiduciary duties. Elizabeth claims she was not paid the full amount of the Sale price, and NYNM claims Elizabeth breached her obligations by using NYNM's credit card for hundreds of thousands of dollars of personal purchases and by violating the key-person provision in the Sale contract. To the extent NYNM's claims against Elizabeth are proved, they support the Plaintiffs' claims that Elizabeth breached her fiduciary duties, as well as her contractual duties, directly causing the Plaintiffs' loss. The claim of B of A to NYNM's assets is also invalidated by a common set of facts. Specifically, the Plaintiffs pending lawsuit and the Order authorizing the Sale were referenced in the Sale agreement, and B of A financed Constellation's purchase of a contested membership interest in NYNM without awaiting the outcome of that litigation or ensuring the court-ordered escrow was properly established.

## AN EFFICIENT AND EQUITABLE ADMINISTRATION OF NYNM'S ESTATE REQUIRES AN ADJUDICATION OF THE PLAINTIFFS' CLAIMS

NYNM has sold substantially all of its assets within this bankruptcy proceeding pursuant to Bankruptcy Code Sec. 363. As a result, though NYNM was profitable and solvent at the time it filed its Chapter 11 voluntary petition, it is no longer a going concern and any claims against it must be resolved here. Since the only significant claims are those of the Plaintiffs, Elizabeth, B of A, and the Initial Debtors, those claims must be resolved together to promote judicial economy and a fair and consistent outcome.

While Elizabeth claims in Para. 16 of her Motion to Remand that "the State Court Actions will not have any 'conceivable effect' on the Bankruptcy Cases", the Plaintiffs claims are the primary factor that will determine the outcome of NYNM's bankruptcy. The Plaintiffs claims will determine whether Bank of America, N.A. has a valid security interest, whether a constructive trust must be imposed on the proceeds of Sec. 363 sale, whether the Debtors' proposed Chapter 11 plan can be confirmed without adequately segregating NYNM's assets and estate, whether Elizabeth has valid claims against NYNM's bankruptcy estate or will be required to reimburse it for breaches of her fiduciary duties, and whether the estates of NYNM and the other Debtors can continue to be jointly administered. The Sale is at the factual core of all the claims against NYNM's bankruptcy estate, in particular, the Plaintiffs' claims concerning improprieties in how the Sale was conducted.

It is in fact the bankruptcy of NYNM, which is predominated by the claims of the Plaintiffs and Elizabeth and the circumstances surround the Sale, which has little bearing upon the Initial Debtors' bankruptcy cases. The Plaintiffs will be filing opposition to the Chapter 11 plan proposed by the Debtors on the basis that it fails to adequately separate NYNM's estate from the estates of the other Debtors. The Plaintiffs will also be filing a motion for separate administration to ensure NYNM's assets are not conflated with the assets of the other Debtors.[1]

---

[1] Elizabeth may join in these applications. To the extent she believes she has valid claims against NYNM's estate, she has a shared interest in ensuring NYNM's assets are available to satisfy claims of its own creditors, rather than creditors of Constellation, who purchased a contested membership interest in NYNM without fully paying for it.

**INCORPORATION OF ARGUMENTS**

For the sake of judicial economy, the Court is respectfully referred to: (a) the Orders and pleadings annexed to Plaintiffs' Notice of Removal; (b) the Plaintiffs' Cross-Motion for Equitable Subordination dated January 18, 2019; (c) the Plaintiffs' Motion for Modification or Clarification of the Order granting debtor-in-possession financing to the Initial Debtors dated September 10, 2018; and Plaintiffs' opposition to the Debtors' proposed Chapter 11 plan, to be filed later this week. As set forth in the above-referenced papers, Constellation purchased, with B of A financing, a contested interest in NYNM, with full knowledge of the Plaintiffs' claims and without complying with court orders authorizing the Sale. As a result, any interest the Initial Debtors or B of A acquired in NYNM's assets was taken subject to the Plaintiffs' pre-existing claims.

An adjudication of the Plaintiffs' claims is central and necessary to a resolution of the other claims against NYNM's assets. It is only after the claims against NYNM's assets have been resolved and paid that the remaining assets in its bankruptcy estate can be distributed to the Initial Debtors. As the exhibits to Plaintiffs' Notice to Remove clearly indicate, the state court proceeding moved at a glacial pace prior to NYNM filing for bankruptcy, in large part due to the filing of a proliferation of frivolous motions by NYNM and Elizabeth and the refusal of NYNM and Elizabeth to comply with court orders. Resolving all claims against NYNM and Elizabeth together will promote judicial economy and result in faster payment to other creditors, including the disbursement of any assets that remain after NYNM's creditors are paid to the estates of the Initial Debtors.

Upon denial of Elizabeth's remand motion, the Plaintiffs respectfully request that the Court adopt the Orders issued by the state court and annexed to the Notice of Removal as its own, including the Order holding NYNM and Elizabeth in contempt. Any disbursements to Elizabeth or the Initial Debtors should be conditioned upon NYNM and/or Elizabeth first purging that contempt by depositing 10% of the Sale proceeds in escrow.

## CONCLUSION

The central facts which must be determined in the NYNM bankruptcy are the claims of the Plaintiffs, Elizabeth, B of A, and the Initial Debtors arising from the Sale. No equitable or efficient resolution can be reached without a resolution of the Plaintiffs' claims in this adversary proceeding. The Plaintiffs' claims are also inextricably linked to the claims in the adversary proceedings commenced by NYNM against the Plaintiffs and Elizabeth. Aside from the inter-related claims of the Plaintiffs, Elizabeth, B of A, and the Initial Debtors arising from the Sale, none of the claims against NYNM's bankruptcy estate are financially significant relative to its assets. After the claims against NYNM's estate have been adjudicated and satisfied, any remaining assets can be distributed to the Initial Debtors to pay their creditors. The efficient adjudication of the Plaintiffs adversary proceeding will allow a more efficient and timely resolution of all claims against NYNM's estate, which in turn will allow faster distribution of any remaining assets to the estates of the Initial Debtors.

Dated: January 22, 2019
      Brooklyn, NY

**MUCHMORE & ASSOCIATES PLLC**
Counsel for Creditors Kevin Kelly
and Edel Kelly

By: /s/ Andrew Muchmore        .
     Andrew Muchmore, Esq. (AM 7852)
217 Havemeyer Street, 4th Floor
Brooklyn, NY 11211
(917) 932-0299